MR. JUSTICE DAY
delivered the opinion of the Court.
This appeal raises the question of whether petitioner-appellee Henry John Olshaw shall be permitted to appear on the November 5th General Election ballot as an independent candidate for the office of United States Senator.
The sufficiency of his petition was challenged by timely filing of written objections with the Secretary of State by one Tom Petcoff. Deputy Secretary of State Grady conducted a hearing on the objections and rendered an oral ruling, holding 52 signatures on the petition to be invalid. Later written findings of fact and conclusions of law, made by the Deputy and approved by the Secretary of State, found Olshaw ineligible to participate in the coming General Election. Pursuant to Colo. Sess. Laws 1973, ch. 167, *364 49-6-12 at 583, the Denver district court after hearing (See Leighton v. Bates, 24 Colo. 303, 50 P. 856 and 858) entered judgment reversing the Secretary of State.
Under Colo. Sess. Laws 1973, ch. 167, 49-6-12 at 583, we accepted this appeal, deeming it advisable that review in this court should be entertained where the controverted trial court ruling goes to the duties of the Secretary of State and the methods of procedure in these election contests.
I.
The statute provides that the petitions or certificates of nomination shall be filed in the office of the Secretary of State when it involves elections to state-wide office or to Congress. The statute then in pertinent part provides:
“* * * The officer with whom the original certificate or petition is filed shall pass upon the validity of all objections, whether of form or substance, and his decision upon matters of form shall be final. His decisions upon matters of substance shall be open to review, * * Colo. Sess. Laws 1973, ch. 167, 49-6-12 at 583.
It developed from the testimony of the Deputy Secretary of State in the district court that he had heard the testimony of the witnesses and had accepted an affidavit concerning a search of the election rolls, which revealed that 5 2 signatories were not eligible to sign the rolls. He later discussed the matter with the Secretary of State, giving her an oral summary of the evidence. The Secretary of State did not have the transcript of the proceedings, did not examine the affidavit, nor did she see the list of names. After the informal discussion, the Secretary of State verbally acquiesced in what her Deputy had done. The next day he prepared formal findings of fact and conclusions of law which the Secretary of State approved.
II.
The trial court ruled that the officer to “pass upon the validity of all objections” is the Secretary of State, and that such language vests in that officer alone the decision-making power. The court held that Big Top, Incorporated v. Hoffman, 156 Colo. 362, 399 P.2d 249 (1965), is dispositive of the issue here.
*365 In Big Top the Deputy Manager of Safety conducted a hearing. The Manager himself, in making the decision, did not read the evidence. He ruled entirely upon a discussion with the hearing officer, and from a synopsis of the evidence related by the Deputy. We held in Big Top that “[a] fair hearing in accordance with due process requires, as a minimum, that the administrative officer who decides — but does not personally hear the evidence — must read and consider the evidence adduced in his absence.” Morgan v. United States, 298 U.S. 468, 56 S.Ct. 906, 80 L.Ed. 1288 (1935).
We do not agree that Big Top is dispositive of this case, dealing as it does with the Denver Manager and his duties. While we hold the trial court was wrong in ruling that the decision making power is vested solely in the Secretary of State, we nevertheless affirm the trial court albeit for a different reason.
There is a special statute with reference to appointment of the Deputy Secretary of State. It reads:
“The secretary of state may appoint a deputy to act for him whenever he may deem it necessary, who shall have full authority to act in all things relating to the office. The secretary shall be responsible for all acts of such deputy.” (Emphasis added.) C.R.S. 1963, 132-2-5.
This statute does give the power to the Secretary of State to delegate full authority to act in her stead. But in our reading of the record in this case, we believe that it demonstrates that only partial delegation was transferred to the Deputy. The evidence was that the Secretary of State scheduled seven hearings on the date in question. Because of a previous speaking engagement the Secretary was out of town, and designated the Deputy Secretary “to take the morning hearings which had been scheduled. ” The Deputy stated that when the Secretary arrived back in the office, she sat down and asked him what had gone on in the morning hearings, and he went over each one with her. This shows that the Secretary retained to herself the right to participate in the decision which she stated she agreed with.
Since the Secretary appeared to retain to herself *366 participation in the final decision, she should have followed the rule in Big Top. Either the Deputy has full authority or the Secretary has in a given case, but not both. This is, of course, to prevent the possibility of simultaneous but conflicting opinions by the Secretary and Deputy agent on the same questions.
III.
Accordingly, we hold that the judgment of the trial court is affirmed. The cause is remanded to the office of the Secretary of State with directions to place the name of Henry John Olshaw on the ballot.
MR. JUSTICE KELLEY and MR. JUSTICE GROVES dissent.